Filed 7/16/21  P. v. Distin CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>PHILIP C. DISTIN,<br><br>　　Defendant and Appellant. | B304654<br><br>(Los Angeles County<br>Super. Ct. No. BA466019) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Reversed with directions.

　　　　William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Rob Bonta, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

After Philip C. Distin pled no contest to various offenses and admitted a five-year prior under Penal Code[1] section 667, subdivision (a), the trial court placed him on probation and imposed but suspended execution of sentence.  Thereafter, the trial court revoked probation and executed the suspended sentence.  In doing so, the trial court, believing that Distin's case was final on appeal, found it lacked discretion to strike the five-year prior under a then-recently enacted ameliorative law.  Distin appeals, contending that his case was not final on appeal and therefore the trial court did have discretion to strike the prior.  While this matter was pending on appeal, our California Supreme Court decided *People v. Esquivel* (2021) 11 Cal.5th 671 (*Esquivel*), which held that cases such as Distin's are not final on appeal for the purpose of applying an ameliorative law.  Accordingly, we reverse the order.

## BACKGROUND

In 2018, Distin pled no contest to carjacking (§ 215, subd. (a)) and second degree robbery (§ 211) and admitted he had a prior conviction within the meaning of the Three Strikes law, a five-year prior (§ 667, subd. (a)(1)), and four prior prison terms (§ 667.5, subd. (b)).  On September 12, 2018, the trial court placed Distin on three years' probation and imposed an 18-year sentence, execution suspended.  That suspended sentence included a five-year term under section 667, subdivision (a) and four 1-year terms under section 667.5, subdivision (b).[2]

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The trial court struck the prior strike.

2

Thereafter, Distin was charged with a new offense, and the trial court found that he violated the terms of probation and revoked probation. On December 23, 2019, the trial court struck the four 1-year prison priors but found it had no discretion to strike the five-year prior under a recently enacted ameliorative law. It then imposed the previously suspended sentence for a total of 14 years in prison.

## DISCUSSION

When Distin was sentenced to probation in 2018, trial courts had no discretion to strike five-year priors. (Former § 667, subd. (a).) Thereafter, the Legislature, per Senate Bill No. 1393 (Senate Bill 1393) (Stats. 2018, ch. 1013, §§ 1–2), amended sections 667, subdivision (a), and 1385, subdivision (b), to give trial courts discretion to strike those priors. (See generally *People v. Garcia* (2020) 28 Cal.App.5th 961, 971.) Senate Bill 1393 took effect January 1, 2019 (*Garcia*, at p. 971), while Distin was still on probation. While the general rule is statutes are presumed to operate prospectively, the exception to the rule is that when the Legislature amends a statute to reduce the punishment for an offense, we will assume in the absence of evidence to the contrary that the amended statute applies to judgments *not final* on the statute's operative date. (*In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).) There is no dispute that Senate Bill 1393 applies retroactively to cases not final on appeal when it took effect.

The dispute instead concerns whether Distin's case was final on appeal when Senate Bill 1393 took effect. Distin contends his case was still pending when the law took effect, while the People contend that the case became final 60 days after

3

September 2018, when the trial court placed Distin on probation, as he did not then appeal.

*Esquivel*, *supra*, 11 Cal.5th 671, has resolved the dispute in Distin's favor.  The defendant in *Esquivel* had pled no contest to a felony and admitted two prior prison terms.  (*Id.*at p. 673.)  The trial court imposed sentence but suspended its execution and placed the defendant on probation.  (*Ibid.*)  The defendant did not appeal, and, several years later, the trial court found that he had violated probation, so it ordered the sentence into effect.  (*Ibid.*)  The defendant then appealed, and, during the pendency of the appeal, Senate Bill No. 136 became effective; hence, if that new law applied to the defendant, it would reduce his sentence.

To determine whether the defendant could avail himself of that new law, *Esquivel* counseled against importing a rigid understanding of the term "final" for the purpose of *Estrada* retroactivity.  (*Esquivel*, *supra*, 11 Cal.5th at p. 677.)  Based on a broader understanding of what finality of a case and prosecution of a case mean, *Esquivel*, at page 677, noted that it had recently found, in *People v. McKenzie* (2020) 9 Cal.5th 40, 43, that, where imposition of sentence has been suspended, the judgment is not final for the purpose of *Estrada* retroactivity.  Thus, a defendant who is placed on probation after imposition of sentence is suspended, and who does not timely appeal from the order granting probation, may take advantage of an ameliorative statutory amendment that takes effect during a later appeal from a judgment revoking probation and imposing sentence.  (*McKenzie*, at p. 46.)  *Esquivel* found that this conclusion applied with equal force to the probation situation before it, where sentence is imposed, and its execution suspended.  (*Esquivel*, at pp. 678, 680.)  Because the criminal proceeding against the

4

defendant in *Esquivel* was not complete when Senate Bill No. 136 took effect, he was entitled to seek relief under that new law. (See also *People v. Chavez* (2018) 4 Cal.5th 771, 781 [where court suspends execution of sentence, sentence is a provisional or conditional judgment].)

Like the defendant in *Esquivel*, Distin was still on probation when Senate Bill 1393 became effective. Execution of his sentence had been suspended, so the judgment was merely provisional or conditional. As such, Distin's case was not final for the purposes of *Estrada* retroactivity. Therefore, when the trial court revoked probation and was considering what sentence to then impose, the trial court had discretion to strike the five-year prior under Senate Bill 1393.

Accordingly, the matter must be remanded, and the procedure described in *People v. Stamps* (2020) 9 Cal.5th 685, 707, followed. On remand, Distin must be given the opportunity to seek relief under Senate Bill 1393. If the trial court exercises its discretion to strike the five-year prior, then the prosecution may either agree to the modified sentence or withdraw from the plea agreement. Also, if the trial court exercises its discretion to strike the five-year prior, then the trial court may withdraw its approval of the agreement.

Should the trial court not exercise its discretion to strike the five-year prior, it shall correct the following sentencing error and errors in the abstract of judgment. First, the trial court imposed but stayed a high term sentence of "six years" on the second-degree robbery conviction. However, the high term for that crime is five years. (§ 213, subd. (a)(2).) The sentence imposed therefore is unauthorized and must be corrected, as must the abstract of judgment. Second, the trial court stayed the

5

sentence on count 2, but the abstract of judgment incorrectly states it was imposed concurrently.  Third, Distin suffered one prior serious felony enhancement, not two, as the abstract of judgment incorrectly states.

## DISPOSITION

The order is reversed with the direction to the trial court to allow Distin an opportunity to seek relief under Senate Bill 1393. If the trial court elects not to exercise its discretion to strike the five-year prior, then the trial court shall impose five years on the second-degree robbery conviction and correct the abstract of judgment accordingly. The trial court also shall correct the abstract of judgment to show that the sentence on count 2 was stayed and that Distin suffered only one prior serious felony enhancement. The trial court shall forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

THOMAS, J.*

_____

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7